IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KAY REDDITT, *individually and as the*
*Personal Representative of Thomas M. Lodahl*

        Plaintiff,

v.                                                        Civil Action No. 2:12cv521

LAW OFFICES OF SHAPIRO, BROWN & ALT
LLP, *et al.*

        Defendants.

## DECLARATION OF MATTHEW J. ERAUSQUIN

    I, Matthew J. Erausquin depose upon my oath and declare the following to be true and correct:

    1.    I am a member of good standing of the Virginia State Bar. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

    2.    I am an attorney with the law firm of Consumer Litigation Associates, P.C. and am one of the attorneys working on behalf of the Plaintiffs in the above-captioned matter.

    3.    I graduated from George Mason School of Law, located in Arlington, Virginia, in July 2002. While attending law school, I served on active duty as an U.S. Air Force communications officer at the Pentagon.

    4.    From August 2002 through June 2003, I was employed as a patent agent by the firm of Fliesler, Dubb, Meyer, and Lovejoy, LLP ("FDML") located in San Francisco, CA. During this time period, I passed the California Bar Exam and the Registration Exam administered by the United States Patent and Trademark Office and was responsible for drafting


EXHIBIT 2

and prosecuting patent applications in the generalized fields of electrical engineering and computer science for a variety of software development companies and for performing legal research with regard to ongoing litigation.

5. During the entirety of my employment at FDML, my standard billing rate was $220 per hour, which, upon information and belief, was regularly paid by our clients.

6. On December 15, 2003, I was admitted to practice in the Commonwealth of Virginia and began working as a solo practitioner, handling a variety of consumer-related matters in federal court, court-appointed criminal cases, involuntary commitment hearings for Loudoun County, and working 2-3 evenings per month with the Fairfax County Neighborhood Outreach Program where I provided pro bono legal assistance in domestic and immigration-related matters to low-income individuals.

7. In April of 2004, I merged my firm into the law firm of Consumer Litigation Associates, P.C. where I exclusively litigate consumer cases with my partner, Leonard Bennett, with a particular emphasis on consumer protection cases arising under the Consumer Credit Protection Act and its constituent Fair Debt Collection Practices Act and Fair Credit Reporting Act, among others. When I first began accepting federal consumer cases, my billing rate was $275.00 per hour, which was regularly paid by my clients.

8. Since 2003, I have been admitted to practice before the Supreme Courts of Virginia and California, and am presently admitted to the following federal courts:

| **Court:** | **Date Admitted:** |
|---|---|
| United States District Court for the | |
| Eastern District of Virginia | 2004 |
| Eastern District of Michigan | 2006 |
| District of Maryland | 2006 |
| Central District of California | 2008 |
| Western District of Virginia | 2009 |

| | |
|---|---|
| Eastern District of Texas | 2009 |
| Southern District of California | 2011 |
| Northern District of California | 2012 |
| United States Court of Appeals for the | |
| Fourth Circuit | 2007 |
| Ninth Circuit | 2009 |
| Sixth Circuit | 2011 |

I have also been admitted *pro hac vice* in numerous United States District Courts across the country, including Illinois, California, Texas, West Virginia, and Georgia. I have never been denied admission *pro hac vice*.

9. I have attended and participated in several national consumer conferences each year since 2004, which relate to a variety of consumer protection issues including: the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act. I contributed to the 2006 revisions to the NCLC Manual titled "Fair Credit Reporting," which is used nationwide by consumer attorneys and defense counsel in FCRA cases. I regularly assist consumer attorneys around the country with questions relating to litigating under the FCRA and the FDCPA and routinely serve as co-counsel in individual and class classes in various parts of the country.

10. As of the date of this declaration, I have served as counsel for more than 200 individual consumer cases in the Eastern District of Virginia and have also served as counsel in dozens of other consumer class actions including *Linares v. First Equity Card*, Civil No. 3:05cv103 (E.D. Va.) (J. Williams); *Martin v. United Auto Credit, et al.*, Civil No. 3:05cv143 (E.D. Va.) (J. Payne); *Johnson v. Mid-Atlantic Finance Company*, Civil No. 3:06cv193 (J. Dohnal); *Yarish v. Ryland Group*, Civil No. 3:06cv291 (E.D. Va.) (J. Williams); *Mason v. Dollar Thrifty Automotive Group, Inc.*, Civil No. 3:06cv484 (E.D. Va.) (J. Spencer); *Hernandez v. Equifax Information Services, LLC*, Civil No. 06:3924 (C.D. Cal.); *Salladay v. Choicepoint*

*Services, Inc.*, Civil No. 05:1294 (C.D. Cal.); *Fiscella v. Intelius, Inc.*, Civil No. 3:10cv186 (E.D. Va.); *Cortez v. Wal-Mart Stores, Inc.*, Civil No. 3:09cv725 (E.D. Va.); *Lestyk, et al. v. GC Services, LP*, Civil No. 3:09cv598 (E.D. Va.); *Thomas v. GC Services, LP*, Civil No. 3:09cv597 (E.D. Va.); *Makson v. Portfolio Recovery Associates, LLC*, Civil No. 3:07cv582 (E.D. Va.); *Lopez v. Kettler Management, Inc.*, Civil No. 1:10cv183 (E.D. Va.); *Cappetta v. GC Services, LP*, Civil No. 3:08cv288 (E.D. Va.); *Ryals, et al. v. HireRight Solutions, Inc., et al.*, Civil No. 3:09cv625 (E.D. Va.); *Henderson v. Verifications Incorporated*, Civil No. 3:11cv514 (E.D. Va.); and *Berry, et al. v. LexisNexis Risk & Information Analytics Group, Inc., et al.*, Civil No. 3:11cv754 (E.D. Va.). I estimate that these cases conservatively involved an aggregate of 400 or more defendants, assuming between two to four defendants per case.

11. My partner, Leonard Bennett, has been approved at an hourly rate of $450 in the Richmond Division of the Eastern District of Virginia and at higher rates in class action litigation outside Virginia. Mr. Bennett is one of the leading consumer protection attorneys in the nation. He has practiced law since 1994 and has litigated over 450 federal cases.

12. In the past year, more than fifty individuals have paid my firm at an hourly rate of $375.00 per hour for work that I performed on their case and $450.00 for the work that my partner Leonard Bennett has performed on their case. Additionally, in the past year, more than twenty individuals have paid Susan Rotkis's hourly rate of $375.00 for the work that she performed on their case. Ms. Rotkis has been practicing law in Virginia for fifteen years, including the time that she clerked for Magistrate Judge Dennis W. Dohnal (Ret.). Janelle Mason has been practicing law for over a year, and her hourly rate is $250.00 for the work she performed on this case, which has regularly been paid by our clients. Finally, our firm's newest attorney Casey Nash, was admitted to the Virginia State Bar in 2012 and has been practicing law

for six months. Prior to her admission as an attorney, she worked with our firm as a legal assistant for approximately eighteen months. Ms. Nash's hourly rate is also $250.00 and this rate has regularly been paid by our clients. I certify that these are fair hourly rates for attorneys with our degree of federal court experience in the Eastern District of Virginia, and throughout the country.

13. As set forth in the attached timesheets, Consumer Litigation Associates has spent an aggregate of 58.35 hours on this matter as of the filing of this Declaration, not including time spent on the motion and supporting memorandum for an award of attorneys' fees and costs. We will supplement this time after briefing and argument is complete, if we are still not able to resolve this motion with the Defendants. My firm's time in this matter is accurately depicted below and represents the exercise of billing discretion. Certain administrative tasks have been omitted, and multiple attorney time entries have been reduced when the time spent to accomplish these was higher due to the need to deal with logistical issues and inter-office coordination.

14. Consumer Litigation Associates, P.C. has incurred the following attorney's fees and costs on behalf of the Plaintiff while litigating this case:

| | | |
|---|---|---|
| Matthew J. Erausquin | 14.5 x $375.00 per hour | = $5,437.50 |
| Leonard A. Bennett | 8.5 x $450.00 per hour | = $3,825.00 |
| Susan M. Rotkis | 1.5 x $375.00 per hour | = $562.50 |
| Janelle E. Mason | 28.95 x $250.00 per hour | = $7,237.50 |
| Casey S. Nash | 4.9 x $250.00 per hour | = $1,225.00 |

Total Attorney Fees = $18,287.50

Total Costs = $350.00 (filing fee)

15. These attorney's fees and costs, $18,637.50, were reasonably and necessarily incurred for the effective prosecution of this case. The attached fee related documents represent descriptions of the categories and the timing of work performed by various members of our team.

The actual time spent in the prosecution of this case was greater, and significant billing discretion has been exercised in conjunction with this motion. For example, my firm has not billed for certain hours spent investigating the Defendants' practices prior to the filing of the Complaint in this case. Further, we have only billed for one-tenth of an hour for many emails, and have not billed for the extensive amount of time necessary to assemble our timesheets and remove certain time entries spent by multiple attorneys that appeared to be duplicative. Furthermore, my firm has spent numerous hours litigating related class action and mass action lawsuits against the Defendants. I have not included any of this time in this declaration, although this experience has necessarily aided our clients in their successful pursuit of this case. I believe that the hours reflected in the attached timesheets represent a reasonable amount of time necessarily incurred in the successful prosecution of these claims, resulting in the entry of judgment against these Defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

_____
Matthew J. Erausquin, VSB No. 65434

| Duration | Description | Staff | Rate | TimeSlip |
|---|---|---|---|---|
| 0.25 | Review and edit Complaint; discuss with SMR | LAB | $450.00 | $112.50 |
| 1.5 | Edited and revised complaint; filed complaint at courthouse | SMR | $375.00 | $562.50 |
| 0.25 | Review Motion to Dismiss | LAB | $450.00 | $112.50 |
| 5 | Outline 12b6 opposition; discuss with Kristi | MJE | $375.00 | $1,875.00 |
| 3.4 | Review and edit Opposition to Motion to Dismiss Complaint | LAB | $450.00 | $1,530.00 |
| 0.2 | Review email from court. Update calendar accordingly. | CN | $250.00 | $50.00 |
| 0.1 | Review email from co-counsel re: Opposition to Motion to Dismiss | LAB | $450.00 | $45.00 |
| 0.2 | Review email from co-counsel re Defendants' Reply to Motion to Dismiss; review exhibits attached to Reply | JEM | $250.00 | $50.00 |
|  | Review email from KCK re Defendant's Reply to Motion to Dismiss; review reply supporting motion to dismiss and |  |  |  |
| 0.6 | attached exhibits | MJE | $375.00 | $225.00 |
| 0.2 | Discuss surreply with team | CN | $250.00 | $50.00 |
| 0.3 | Phone call with co-counsel re strategy for surreply arguments | JEM | $250.00 | $75.00 |
| 0.2 | Phone conversation with JEM re surreply arguments | MJE | $375.00 | $75.00 |
| 0.3 | Assist with draft memo in support of leave to file surreply. | CN | $250.00 | $75.00 |
| 6.2 | Continue drafting Surreply and reviewing related briefs; perform legal research for the same | JEM | $250.00 | $1,550.00 |
| 1.9 | Continue drafting Surreply and reviewing related briefs; perform legal research for the same | JEM | $250.00 | $475.00 |
| 1.6 | Review email from AG and client; continue drafting Surreply | JEM | $250.00 | $400.00 |
| 6.75 | Continue drafting surreply and memo supp motion for leave to file surreply; perform legal research for the same | JEM | $250.00 | $1,687.50 |
|  | Continue drafting surreply and memo supp motion for leave to file surreply; discuss with MJE; edit and revise |  |  |  |
| 3.2 | arguments | JEM | $250.00 | $800.00 |
| 1.2 | Review motion for leave to file surreply, memo in support, and proposed surreply; edit and revise all | MJE | $375.00 | $450.00 |
| 0.1 | Discuss Surreply with JEM | CN | $250.00 | $25.00 |
| 0.8 | Review surreply | MJE | $375.00 | $300.00 |
|  | Draft and file notice of appearance; edit and revise motion, memo and surreply; discuss with MJE and LAB; file the |  |  |  |
| 1.6 | same | JEM | $250.00 | $400.00 |
| 0.4 | Review and edit Surreply | LAB | $450.00 | $180.00 |
| 0.4 | Draft consent order for KCK; discuss with MJE; send to KCK | JEM | $250.00 | $100.00 |
| 0.5 | Review OOJ from Defendant; discuss with co-counsel | MJE | $375.00 | $187.50 |
| 0.1 | Review cmecf email re consent motion to file surreply | JEM | $250.00 | $25.00 |
|  | Review email from KCK re motion and agreed order to file sur-reply; respond to opposing counsel consenting to |  |  |  |
| 0.3 | withdraw motion to strike; signed and sent agreed order | JEM | $250.00 | $75.00 |
| 0.1 | Review OOJ and update calendar accordingly. | CN | $250.00 | $25.00 |
| 0.1 | Review Order from court. | CN | $250.00 | $25.00 |
| 0.1 | Review letter received from opposing counsel. | CN | $250.00 | $25.00 |
| 3.8 | 38 additional emails to/from opposing counsel and co-counsel @ 0.1 | CN | $250.00 | $950.00 |

| | | | |
|---|---|---|---|
| 6.2 62 additional emails to/from opposing counsel and co-counsel @ 0.1 | MJE | $375.00 | $2,325.00 |
| 4.1 41 additional emails to/from opposing counsel and co-counsel @ 0.1 | LAB | $450.00 | $1,845.00 |
| 6.4 64 additional emails to/from opposing counsel and co-counsel @ 0.1 | JEM | $250.00 | $1,600.00 |
| 58.35 | | TOTAL | $18,287.50 |