IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, a Delaware Corporation, 5791 Van Allen Way Carlsbad, CA 92008<br><br>Plaintiff,<br><br>v.<br><br>LIFE TECHNOLOGIES CORPORATION; 10135 Treble Court Rockville, MD 20850 (Montgomery County)<br><br>and<br><br>DOES 1 to 5, Inclusive; Addresses Unknown,<br><br>Defendants. | Civil Action No. 8:10-cv-03527-RWT |

## DECLARATION OF MATTHEW D. MURPHEY IN SUPPORT OF PLAINTIFF LIFE TECHNOLOGIES CORPORATION'S REQUEST FOR ATTORNEYS' FEES

I, Matthew D. Murphey, hereby declare:

1. I am a partner with the law firm of Troutman Sanders LLP ("Troutman Sanders") and I represent Plaintiff Life Technologies Corporation ("Plaintiff" or "Life Technologies") in the above matter. I am licensed and a member in good standing of the State Bar Associations for the State of Texas. I have been licensed in California since 1998 and was licensed in Texas in 2005. I have been practicing law continuously since my admission to the bar of California. I have personal knowledge of the following facts, or know these facts to be true by virtue of my position with Troutman Sanders and my lead managing role with regard to the above-captioned lawsuit. I could and would testify to the following facts if called as a witness.

1



EXHIBIT 5

2. Since I began practicing law fourteen (14) years ago, my practice has been mostly devoted to handling and trying intellectual property and other commercial litigation cases. I have also been admitted to practice on a *pro hac vice* basis in numerous state and federal courts throughout the United States, including the District of Maryland in this case. Through my practice, I have become familiar with the usual and customary hourly rates charged by lawyers in California, Texas and other jurisdictions for rendering legal services in intellectual property and other commercial litigation matters similar to the above-captioned matter.

3. In or about November 2010, Troutman Sanders was hired to represent the Plaintiff in the above-captioned case. I was directly and primarily responsible for all work performed on the matter and was responsible for assigning all work to be performed by others within Troutman Sanders on the Plaintiff's behalf. I am familiar with the educational background and experience of every attorney and paralegal assigned to work on this matter, and I was also the attorney responsible for invoicing the Plaintiff for all legal services and costs and expenses rendered or incurred in this matter. Lawyers and paralegals from Troutman Sanders' San Diego and Orange County, California offices and its Atlanta, Georgia office participated in rendering services on behalf of the Plaintiff in this matter. A small portion of the initial work (*e.g.* preparing Plaintiff's Complaint) was performed in late 2010 at my prior firm (Gordon & Rees, LLP) by attorney Eric M. Jaegers, who at that time was also an attorney at Gordon & Rees LLP. Mr. Jaegers has since become of counsel with Troutman Sanders as of February 2011.

4. Regarding Troutman Sanders' billing rates in this matter, the attorneys, paralegals and other staff members that rendered services in this case on behalf of Plaintiff are listed below, along with other information regarding the time spent and billable rates (both the actual rates, which were reduced, and the standard rates):

//

//

| Attorney/Staff Person's Name | Time Expended (in hours) | Reduced Hourly Rate | Actual Amount Billed at Reduced Rates | Standard Hourly Rate | Amount of Fees if Standard Rate Used |
|---|---|---|---|---|---|
| Matthew D. Murphey (San Diego, CA) Licensed in CA (1998) and TX (2005) | 35.2 | $450 | $15,840 | $580 | $20,416 |
| Eric M. Jaegers (San Diego, CA) Licensed in KY (1993) and TX (1998) | 202.1 at $300<br>9.3 at $265<br>53.1 (since 04.01.12) | $300 ($265 old firm) $300 | $60,630<br>$2,464.50<br>$15,930 | $495<br>$265<br>$495 | $100,039.50<br>$2,464.50<br>$26,284.50 |
| William M. Andersen (San Diego, CA) Licensed in CA (2009) | 123<br>19.9 (since 04.01.12) | $265 | $32,595<br>$5,273.50 | $275 | $33,825<br>$5,472.50 |
| Paul E. McGowan (Atlanta, GA) Licensed in VA (1997), USPTO (2003) and GA (2008) | 18.0 | $300 | $5,400 | $400 | $7,200 |
| Daniel C. Streeter (Orange County, CA) Licensed in CA (2003) | 0.8 | $265 | $212 | $365 | $292 |
| Andrew K. Puls (San Diego, CA) Licensed in CA (2010) | 3.5 | $260 | $910 | $260 | $910 |
| Lorene A. Milligan (paralegal – San Diego) | 38.7 | $185 ($190 as of 01.01.12) | $7,159.50 | $185 | $7,159.50 |
| Teri Townsend (research assistant librarian – Atlanta, GA) | 1.2 | $170 | $204 | $170 | $204 |
| Mary P. Olsen (research ass't, GA) | 1.4 | $135 | $189 | $135 | $189 |
| TOTALS | | | $125,604.00 (through March 2012)<br>$146,807.50 (through April 13, 2012) | | $172,699.50 (through March 2012)<br>$204,456.50 (through April 13, 2012) |

3

Regarding the fee petition/motion to which this declaration relates, Mr. Jaegers and Mr. Andersen have both devoted significant time since April 1, 2012 preparing all of the necessary documents, consulting with local counsel, and retaining additional Maryland counsel to provide supporting fee affidavits. Those amounts have not yet been billed to Plaintiff, but they will be included on the Troutman Sanders invoice that issues at the end of April 2012. Accordingly, there is no invoice reflecting those fees at this time, but the summaries of the services prepared by category (as required by Local Rule 109.2.b and Appendix B.1.b) accurately reflects the time spent from April 1, 2012 to the present day. The above chart also captures those amounts.

5. Since 2005, I have had a long-standing relationship with Plaintiff Life Technologies Corporation and its subsidiaries, affiliates, and predecessor companies (*e.g.* Invitrogen Corp.). I have represented Plaintiff in numerous patent infringement, trademark infringement and other matters during that time. As a result of that long relationship, I routinely discount my normal hourly rates as well as the rates of most other Troutman Sanders attorneys. The "discounted" rates at which I agreed to represent Plaintiff in this matter are set out in the chart above under the column titled "Reduced Hourly Rate." The normal rates at which I charge clients on a billable hour basis are set out in the chart under the column titled "Standard Hourly Rate." The charges actually billed to and incurred by Plaintiff are set out under the column titled "Actual Amount Billed at Reduced Rates," and the amount that would ordinarily have been billed to Plaintiff (but for my long relationship with it) is set out under the column titled "Amount of Fees if Standard Rate Used." The standard rates for the attorneys for which an upward adjustment is sought are: Matthew D. Murphey ($580), Eric M. Jaegers ($495), William M. Andersen ($275), Paul E. McGowan ($400), and Daniel C. Streeter ($365). Due to my history with the Plaintiff I do not charge it for LEXIS or other computerized search costs.

6. The reduced hourly rates actually billed to Plaintiff in this matter (as set out in the chart above) are reasonable for lawyers of our level of expertise in California, Texas and other

4

jurisdictions in which I have practiced, including the District of Maryland, as they relate to trademark litigation cases such as the above-captioned matter. The "standard" rates typically billed to clients as set out in the chart are also reasonable for lawyers of our level of experience in California, Texas and other jurisdictions, and are similar to the rates charged by law firms that are competitive with Troutman Sanders.

7. Eric M. Jaegers is of counsel with Troutman Sanders and practices from its San Diego, California office. Mr. Jaegers has been licensed to practice law in the State of Kentucky since 1993 and in Texas since 1998, and he has been continuously engaged in the practice of law since 1993. I have worked closely with Mr. Jaegers since 2005, from which time his practice has focused almost exclusively on patent and trademark infringement litigation. Prior to that time, his practice was focused on commercial litigation. He has also been admitted in numerous federal districts in the United States on a *pro hac vice* basis (to represent Plaintiff and other clients in trademark and patent litigation cases), including in the instant matter. Other Troutman Sanders lawyers that worked on this matter with Mr. Jaegers and myself include William M. Andersen (an associate attorney in Troutman Sanders' San Diego office who has been licensed to practice law in California since 2009), Paul E. McGowan (of counsel to Troutman Sanders in its Atlanta, Georgia office; licensed in Virginia in 1997, the USPTO in 2000, and Georgia in 2008), Andrew K. Puls (an associate attorney in the firm's San Diego office; licensed in California in 2010), and Daniel C. Streeter (an associate attorney in the firm's Orange County office; licensed in California in 2003). Lorene A. Milligan is a paralegal in Troutman Sanders' San Diego office and provided necessary litigation support for this matter, and Teri Townsend and Mary P. Olsen (research assistants in Troutman Sanders' Atlanta office) provided research assistance.

8. I was primarily responsible for representing Plaintiff in this matter. Beginning in or about December 2010, and continuing through the present day, Troutman Sanders provided legal services and advanced costs to the Plaintiff in representing it in this matter. Specifically,

5

substantial amounts of time have been spent by lawyers and paralegals at Troutman Sanders in connection with preparing the Plaintiff's complaint, conducting strategy sessions, investigating the Defendant's and its principal's (Dr. Krishnamurthy Govindaraj) trademark filings with the USPTO and its Indian equivalent (the Indian Registrar of Trademarks) involvement, investigating and researching Defendant's website presence and level of commercial activity, drafting an in-depth and lengthy Motion for Partial Summary Judgment, analyzing Defendant's Opposition to that summary judgment and the declaration of Dr. Krishnamurthy, preparing a reply to that Opposition, drafting a Motion for Sanctions under FRCP 56(h) on account of false statements in Dr. Krishnamurthy's declaration, preparing a supplemental letter brief to the Court relating to newly-discovered evidence contradicting Dr. Krishnamurthy's sworn statements, studying Defendant's Opposition to the Motion for Sanctions, drafting a Reply to that Opposition, and drafting an in-depth and lengthy Request and Motion for Default Judgment.

9. Additionally, and as the Troutman Sanders invoices reflect, Mr. Jaegers and I spent considerable time attempting to settle this case with the Defendant. In addition to pre-suit attempts at resolution, those settlement efforts spanned the entire duration of this case, and included multiple drafts of and edits to various settlement agreements, discussions with Defendant's retained counsel, and attempts at engaging Defendant in settlement talks after his last counsel disengaged from this case. In connection with those settlement efforts, we filed four (4) separate motions for an extension of time in which to file a Reply to the Motion for Sanctions referenced above. Further, and because the settlement efforts were unsuccessful, Mr. Jaegers had to expend significant amounts of time preparing for, traveling to, and appearing at the March 12, 2012 hearing before the Court on the aforementioned Motion for Partial Summary Judgment, Motion for Sanctions, and Motion for Default Judgment. Since the March 12 hearing, we have also spent time drafting discovery (Interrogatories and document requests) to be served on Defendant. Finally, we have had to expend additional and significant time in preparing the fee

petition/motion to which this declaration relates, which has required us to retain and consult with a separate Maryland trademark attorney to provide a "prevailing market rate" fee affidavit relevant to the District of Maryland as required under *Robinson v. Equifax Information Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009), and as referenced by the Court at the March 12, 2012 hearing.

10. Moreover, at times during this case, Mr. Jaegers and Mr. Andersen were required to devote their efforts to this case on nearly a full-time basis in order to adequately prepare extensive motions with numerous complex exhibits. Those motions include the Motion for Partial Summary Judgment, the Motion for Sanctions under Rule 56(h) and the Request/Motion for Default Judgment. Mr. Jaegers devoted all of his available time over the several days he spent preparing for, traveling to and attending the March 12, 2012 hearing in this matter.

11. Accordingly, the total amount of fees actually billed to Plaintiff (at the "reduced" rate as discussed) is $125,604.00 and the total amount of fees actually incurred through April 13, 2012 is $146.807.50. Because Plaintiff seeks an upward adjustment of the fees, the "standard" billing rates for these services would make the total fees through April 12, 2012 $204,456.50, for which Plaintiff seeks recovery. Additionally, Plaintiff incurred $1,535.63 in costs/expenses in this matter, which costs were advanced by Troutman Sanders, for which it also seeks recovery. Accordingly, the total amounts of fees and costs/expenses are $148,343.13 if the reduced rates are used, and $205,992.13 if the standard rates are used.

12. Further, and with regard to the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and Plaintiff's Motion for Sanctions under FRCP 56(h), the actual fees invoiced to Plaintiff were $27,575.00 under the reduced rates, and would be 36,463.50 under Troutman Sanders' standard rates.

13. Attached hereto and incorporated herein by reference as **Exhibit "1"** are true and correct copies of the billing invoices submitted by Troutman Sanders to Plaintiff in connection with this matter through March 31, 2012.

14. Attached hereto and incorporated herein by reference as **Exhibit "2"** is a true and correct copy of a summary of the time records by litigation phase (as required by Appendix "B" to the Local Rules) for Troutman Sanders personnel in this case (through April 13, 2012).

15. Attached hereto and incorporated herein by reference as **Exhibit "3"** is a true and correct copy of a summary of the time records by litigation phase (as required by Appendix "B" to the Local Rules) that are specific to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and Plaintiff's Motion for Sanctions under FRCP 56(h).

16. Attached hereto and incorporated herein by reference as **Exhibit "4"** is a true and correct copy of a document titled "Laffey Matrix – 2003-2012" from the U.S. Attorney's Office for the District of Columbia which I downloaded from the following website: http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf.

17. Attached hereto and incorporated herein by reference as **Exhibit "5"** is a true and correct copy of the following case: *Choice Hotels Int'l, Inc. v. Patel*, 2004 U.S. Dist. LEXIS 23578 (D. Md. Jan. 13, 2004).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration is executed in Irvine, California this 13th day of April, 2012.

/s/Matthew D. Murphey
Matthew D. Murphey

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 13th day of April, 2012, that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served using the CM/ECF system on all counsel of record who have consented to such service. Further, and also on this same date, Plaintiff served this document and all of its accompanying papers via regular U.S. Mail at the address listed below:

    Dr. Krishnamurthy Govindaraj
    Jayasree Krishnamurthy
    Life Technologies Corporation
    10135 Treble Court
    Rockville, MD 20850

                                        /s/ Matthew D. Murphey
                                        Matthew D. Murphey